In re Tyco Int'l Ltd. MDL (03-1350)   MD-02-1335-B  12/29/03

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)**

> MDL DOCKET NO. 02-1335-B
> TYCO-PLAINTIFF ACTIONS
> Case No. 03-1350-B
> Opinion No. 2003 DNH 229



**ORDER**


Prior to the transfer of Tyco International, Ltd. v. Mark H. Swartz, Civ. No. 03-1350-B to this court under 28 U.S.C. § 1407, the parties had fully briefed defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Having reviewed the briefs and after hearing oral argument, I am now able to resolve this motion.

Swartz's 12(b)(1) motion for lack of subject matter jurisdiction is without merit and is denied.  The potential for arbitration under an arbitration agreement does not deprive the court of subject matter jurisdiction.  E.g., The Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42 (1944).

Swartz's 12(b)(6) motion also lacks merit.  Although he argues that dismissal is warranted because all of Tyco's claims are arbitratable, he has actively resisted arbitration, claiming that it should be delayed until the criminal charges now pending against him have been resolved.  Dismissal of an otherwise viable complaint is not warranted based on the existence of an arbitration agreement when the party seeking dismissal refuses to arbitrate in accordance with the agreement.

For the above reasons I deny Swartz's motions to dismiss (Doc. No. 3) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 29, 2003

cc:  All Counsel of Record