In re Tyco Int'l Ltd. MDL                MDL-02-1335   05/24/04

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)**

                                         MDL DOCKET NO. 02-1335-B
                                         TYCO-PLAINTIFF ACTIONS
                                         Case No. 03-1350-B

                                         Opinion No. 2004 DNH 090
                        ORDER

    Mark H. Swartz moves to stay and compel arbitration of all claims asserted against him by Tyco International, Ltd. and Tyco International (US) Inc. (collectively "Tyco"). He reiterates the same arguments he made in his earlier failed motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This motion suffers from the same shortcomings and I therefore deny both it and his request for oral argument.

    Swartz was Tyco's Chief Financial Officer from February 1995 until his departure from the company on September 10, 2002. As part of Swartz's departure, he and Tyco entered into an agreement whereby "all disputes between them arising from or concerning Swartz's employment at the Company [would] be subject to binding arbitration." (Mot. to Stay & Compel Arb. Ex. 2A ¶ 4). Tyco

sought to invoke this arbitration provision on October 2002, by demanding arbitration before the American Arbitration Association ("AAA"). Swartz refused to consent to arbitration unless Tyco agreed to stay the arbitration until after Swartz's criminal proceedings had been concluded. Swartz never presented an alternative arbiter and no agreement was reached on an acceptable arbitration forum. In effect, Swartz refused to arbitrate until after the conclusion of his pending criminal proceedings.

On March 31, 2003, Tyco filed its current complaint against Swartz. Swartz responded with a motion to dismiss based on the arbitration clause, which I denied on December 29, 2003. He now resurrects the arguments he first raised in the motion to dismiss. Tyco responds by claiming that Swartz explicitly waived his right to arbitrate by refusing Tyco's demand for arbitration.

When determining whether a party has waived its arbitration rights, I must be mindful that any doubts as to arbitrability "should be resolved in favor of arbitration, whether the problem at hand is . . . an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983). "Waiver is not to be

lightly inferred, and mere delay in seeking [arbitration], without some resultant prejudice to a party cannot carry the day." Creative Solutions Group v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001) (quotation marks omitted); Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc., 806 F.2d 291, 293 (1st Cir. 1986); see also In re Tyco Int'l, Ltd., 2004 DNH 48, 7 n.3. Prejudice, however, is not required when a waiver stems from an affirmative act rather than mere inaction. Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 (1st Cir. 2003)("Where we are dealing with a forfeiture by inaction (*as opposed to an explicit waiver*), the components of waiver of an arbitration clause are undue delay and a modicum of prejudice to the other side.")(emphasis added); Menorah Ins. Co. v. INX Reinsurance Corp., 72 F.3d 218, 222 (1st Cir. 1995)(explicit waiver of arbitration occurred when party declined invitation to arbitrate). Here, Swartz has actively resisted arbitration by refusing to arbitrate in accordance with the agreement. In re Tyco Int'l, Ltd., 2003 DNH 229. He refused the arbitration forum suggested by Tyco and refused to offer any acceptable alternatives. See, e.g., Lane, Ltd. v. Larus & Bro. Co., 243 F.2d 364, 367 (2d Cir. 1957)(refusal to arbitrate is a

forfeiture of the right to arbitrate).  These actions equate to an explicit abandonment of his arbitration rights and Tyco need not show prejudice in order to defeat the motion to stay and compel arbitration.[1]

Swartz has attempted to accomplish by dilatory tactics what he could not accomplish through negotiation: a stay of arbitration until the conclusion of his criminal proceedings. Arbitration clauses, however, are "not meant to be another weapon in the arsenal for imposing delay and costs in the dispute resolution process."  Menorah, 72 F.3d at 222; see also Lane, 243 F.2d at 367 ("A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when the other side has been forced to abandon its demand, seek to defeat a

---

[1] Swartz invokes Hilti, Inc. v. Oldach, 392 F.2d 368, 372 (1st Cir. 1968), for the proposition that a defendant's delay in moving to compel arbitration, or even participation in preliminary discovery, does not alone justify a finding of waiver.  Hilti, however, is distinguishable from the present case.  In Hilti, the First Circuit noted that the defendant had placed the plaintiff on notice of defendant's intention to invoke the relevant arbitration clause.  Thus, the plaintiff in Hilti never sought arbitration, and more importantly, the defendant in Hilti never refused arbitration before requesting it at a later date.  Therefore, Hilti is not controlling.

judicial determination by asking for arbitration after suit has been commenced."). Swartz adopted the litigation strategy of refusing to arbitrate or actively pursue arbitration until after the close of evidence in his criminal proceedings, knowing full well that such an action could be deemed an explicit waiver of his right to arbitration. He now reaps the consequences of that decision.

I hereby deny Swartz's motion to stay and compel arbitration (Doc. No. 131).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 24, 2004

cc: All Counsel of Record